IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE VASARHELYI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 2440 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MICHELE TABURNO VASARHELYI, | ) | |
| a/k/a Michele Taburno, TKG STORAGEMART | ) | |
| PARTNERS, LP a Delaware Limited Partnership, | ) | |
| f/k/a Warburg Storagemart Partners, LP | ) | |
| a Delaware Limited Partnership, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pierre Vasarhelyi has filed a nine-count complaint against defendants Michele Taburno Vasarhelyi ("defendant") and TKG Storagemart Partners ("TKG").[1] The complaint alleges: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (Counts I and II); conspiracy to violate RICO, 18 U.S.C. § 1962(d), (Count III); conversion (Count IV); replevin (Count V); breach of fiduciary duty (Count VI); fraud (Count VII); constructive trust (Count VIII); and a demand for an accounting (Count IX).

Defendant has filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). For the reasons explained below, the motion to dismiss is denied.

---

[1] All nine counts are brought solely against Michele Taburno Vasarhelyi, therefore, she will be referred to as defendant in the singular in this opinion, and the other named defendant, TKG Storagemark Partners, will be referred to simply as "TKG." Plaintiff does not allege any misconduct on the part of TKG or specifically name TKG in any of the counts of the complaint. He purportedly includes TKG as a defendant because it owns certain storage lockers in which defendant is allegedly storing some of the property at issue in this case. TKG has answered the complaint.

**FACTS**

For the purposes of a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008).

Plaintiff, a citizen of France, is the grandson of the late Victor Vasarhelyi (known as "Vasarely"), an internationally renowned artist, and the son of Jean-Pierre Vasarhelyi (known as "Yvaral"), a giant in the art world in his own right who died in 2002. Plaintiff claims to be Vasarely's heir and universal legatee and the sole heir of Yvaral. Defendant, a citizen of France residing in Chicago, Illinois, is plaintiff's step-mother and the widow of Yvaral.

After Vasarely's death in 1997, plaintiff sued defendant in French court to settle a dispute surrounding enforcement of Vasarely's will. On June 2, 2003, the High Court of Paris, France issued judgment in favor of plaintiff, ordering enforcement of Vasarely's will and ordering defendant to provide plaintiff with an accounting of the Vasarely estate. Defendant appealed the decision, and on March 24, 2005, the French appellate court denied defendant's appeal and upheld the lower court's ruling. Defendant did not appeal the appellate court's decision.

Defendant allegedly never complied with the French courts' orders and has neither conveyed to plaintiff any of the property, original artwork, or documents entitled to him, nor provided him with an accounting of the Vasarely estate. Additionally, after Yvaral died in 2002, defendant failed to convey to plaintiff any of the property, original artwork, or documents comprising plaintiff's inheritance. She also did not provide plaintiff an accounting of Yvaral's estate.

Instead, according to plaintiff, defendant left France sometime in 2004, before the appellate court issued its ruling. Since that time, defendant has allegedly been secretly and illegally transferring several million dollars worth of original Vasarely and Yvaral works and documents belonging to plaintiff (the "Vasarely and Yvaral works") into the United States and selling these works throughout the country. To further this scheme, defendant allegedly entered into an agreement with Luis Rojas ("Rojas"), whereby Globar Corporation ("Globar"), a Puerto Rican corporation owned by Rojas, would employ defendant so she could seek residency in the United States. Under the auspices of Globar, defendant directed Rojas to package and courier the Vasarely and Yvaral works into and throughout the United States. Defendant has been storing the works that have not been sold in her two residential condominiums and in several rented storage lockers owned by TKG, all of which are located in Chicago, Illinois.

## DISCUSSION

**I. Legal Standard**

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and 9(b). When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claims rest. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-73, 167 L.Ed.2d 929 (2007).

3

Additionally, allegations of fraud must meet the particularity requirements of Fed. R. Civ. P. 9(b), which means the complaint must allege the "who, what, when, where, and how" of the fraud. Di Leo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). At the motion to dismiss stage, Rule 9(b) requires only that the plaintiff identify the alleged misrepresentations, not actually prove that the statement was false. See Bankers Trust Co. v. Old Republic Ins., Co., 959 F.2d 677, 683 (7th Cir. 1992). This standard also applies to allegations of predicate acts of fraud in the RICO context. See Slaney v. Int'l. Amateur Athletic Fed'n, 244 F.3d 580, 597-99 (7th Cir. 2001). The pleadings must be specific enough to put defendants on notice of the conduct alleged.

## II. Defendant's Motion to Dismiss

*A. Statute of Limitations*

Defendant has moved to dismiss plaintiff's RICO claims (Counts I, II, and III) on the ground that they are time-barred.

The statute of limitations for bringing a civil RICO action is four years. Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 156, 97 L.Ed.2d 121, 107 S. Ct. 2759 (1987). The four-year period begins to run when the plaintiff knew or should have known that she was injured, "even if she has not yet discovered the pattern of racketeering." McCool v. Strata Oil Co., 972 F.2d 1452, 1464-65 (7th Cir. 1992). "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674-675 (7th Cir. 2009).

4

Defendant argues that based on the allegations set forth in the complaint, plaintiff knew or should have known of his alleged injuries no later than March 24, 2005, when the French appellate court issued its denial of defendant's appeal. Specifically, defendant cites to several portions of the complaint which state that "since at least 2004" defendant allegedly absconded with, transferred, and sold several million dollars worth of Vasarely and Yvaral artwork and other property belonging to plaintiff. She also points to sections of the complaint describing defendant's failure to convey or account for the works to plaintiff either before or after the French courts issued their orders in June 2003 and March 2005.

Because plaintiff filed the instant suit on April 22, 2009, the question is whether, based on the allegations of the complaint, he knew or should have known of his alleged injuries before April 22, 2005. Contrary to defendant's argument, the injuries alleged here are not based on her failure to convey or account for the Vasarely and Yvaral works to plaintiff, nor are they based on her failure to comply with the orders of the French courts. Instead, Counts I through III of the complaint are based on defendant's alleged acts to secretly transport and sell the stolen works belonging to plaintiff. To prevail on her motion, what defendant must show is that plaintiff actually knew or should have known that she was absconding with, shipping, and selling the works before April 22, 2005. She has failed to do this.

Nowhere on the face of the complaint does plaintiff allege facts detailing the discovery of his injury, or the date on which he became aware of defendant's predicate acts. All that the complaint states is that "since at least 2004" defendant was engaged in the alleged activities. This does not imply that plaintiff discovered her actions at that time. Moreover, although the French appellate court issued its decision on March 24, 2005, all this did was confirm for plaintiff that

5

the Vasarely and Yvaral works were his rightful inheritance. It is possible that plaintiff was on notice before April 22, 2005, that defendant was stealing and selling the works, but the allegations in the complaint do not establish this fact. At this stage in the proceedings, therefore, it would premature to dismiss the case for untimeliness. Consequently, the motion to dismiss Counts I through III on the ground of statute of limitations is denied.

B.  *Fed. R. Civ. P. 9(b)*

Contrary to defendant's argument, the heightened pleading requirements of Rule 9(b) do not apply to plaintiff's RICO claims because none of the predicate acts alleged are based on fraud.[2] Although plaintiff includes a separate state law claim of fraud, Counts I through III are based on the predicate acts of transport of stolen goods, 18 U.S.C. § 2314, and sale of stolen goods, 18 U.S.C. § 2315. Therefore, Rule 9(b) is not applicable to the RICO claims, and defendants motion to dismiss is denied as to this argument.

C.  *RICO Enterprise*

Defendant's next contention is that plaintiff fails to make a showing of a definitive enterprise under RICO. The court finds defendant's arguments unpersuasive.

A RICO enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The enterprise must be distinct from the predicate acts and have a separate structure and goals. Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995); United States v. Masters, 924 F.2d 1362, 1367 (7th Cir. 1991). The enterprise need not be

---

[2] The RICO claims do include the words "frauds" and "defraud", but plaintiff does not go so far as to clearly state fraud among the predicate acts upon which the claims are based.

formal, but there must be "some continuity and some differentiation of the roles within it." Richmond, 52 F.3d at 645.

The alleged enterprise is well within the definition set out under RICO. The complaint lists defendant, Rojas, and Globar as the alleged enterprise that operated over the course of several years and is on-going. Globar was the alleged employer of defendant, enabling her to reside in the United States to carry-out her part of the enterprise. Rojas was the owner of Globar. He packaged and transferred the stolen works into and throughout the United States. Defendant was allegedly the architect of the scheme. She structured Globar and received the stolen works, hid them, transported them, and eventually sold them in the United States. These allegations are sufficient to show that the purported enterprise was not a nebulous, vague grouping, but an actual enterprise with continuity, structure and differentiated roles. Therefore, defendants motion to dismiss for failure to state a claim on the ground that the element of "enterprise" is insufficiently pled is denied.

*D. RICO Conspiracy*

Defendant argues that Count III of the complaint fails to state a claim for RICO conspiracy because there are no allegations of an agreement among defendant, Rojas, and Globar. To state a claim under § 1962(d) for RICO conspiracy, a defendant must allege "(1) that each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity, and (2) that each defendant further agreed that someone would commit at least two predicate acts to accomplish those goals." Goren v. New Vision Int'l, 156 F.3d 721, 732 (7th Cir. 1998).

The complaint alleges that defendant devised, participated in, directed, organized, and managed the scheme to conceal, transport, store, and sell the Vasarely and Yvaral works allegedly belonging to plaintiff. It also alleges that defendant formed an agreement with Rojas and Globar to commit these acts. Because these allegations are more than sufficient to state a claim for civil conspiracy under § 1962(d), defendant's motion to dismiss as to Count III is denied.

### III. State Law Claims

Defendant further argues that plaintiff's state law claims, Counts IV through IX, should be dismissed for lack of jurisdiction, or alternatively on the merits.

The first argument is easily disposed of given that plaintiff's RICO claims have not been dismissed. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

In support of defendant's latter argument, she urges the court to take judicial notice of documents from cases filed in Illinois state court and the French courts involving the instant parties and matters related to the ownership, transfer, and sale of some of the same Vasarely and Yvaral works at issue here. Specifically, defendant asks the court to consider petitions and affidavits from the Illinois court case where plaintiff made contradictory representations as to his rights to possession and ownership in the disputed Vasarely and Yvaral works. Additionally, she asks the court to take notice of a French decision upholding an arbitration award related to these same works.

Although it is within the discretion of the court to take notice of matters of public record on a motion to dismiss, the court declines to do so here. This case is fraught with complexities and nuances, including multiple law suits in two countries, numerous interested parties, and an

uncatalogued collection of stolen works and property, that do not lend themselves to resolution on the merits at this early stage in the proceedings. The issues at stake in this litigation require careful discovery and consideration on the merits.

Defendant does not offer any additional arguments as to why plaintiff's state law claims fail to state a claim upon which relief can be granted. Therefore, defendant's motion to dismiss is denied in its entirety.

## **CONCLUSION**

For the reasons discussed above, defendant's motion to dismiss is denied. Defendant is ordered to answer the complaint on or before October 1, 2009. The parties are directed to meet and confer with respect to a discovery plan and file with the court a joint status report using the court's form on or before October 2, 2009. The status report previously set for September 15, 2009, is cancelled and reset to October 8, 2009, at 9:00 a.m. at which time the court will set a discovery schedule.

**ENTER:      September 10, 2009**

_____
     **Robert W. Gettleman**
     **United States District Judge**