IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIERRE VASARHELYI, ) | |
| ) | |
| Plaintiff, ) | No. 09 C 2440 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MICHELE TABURNO VASARHELYI, a/k/a ) | |
| Michele Taburno, TKG STORAGEMART ) | |
| PARTNERS, LP, a Delaware limited partnership, ) | |
| f/k/a Warburg Storagemart Partners, LP, a ) | |
| Delaware limited partnership, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This litigation involves a bitter family dispute regarding the artwork of the late Victor Vasarhelyi (known as "Vasarely") and Vasarely's son and plaintiff's father, the late Jean-Pierre Vasarhelyi (known as "Yvaral"). Plaintiff Pierre Vasarhelyi has brought a nine count complaint, including civil RICO[1] charges, against his step-mother Michele Taburno Vasarhelyi ("Michele") and TKG Storagemart Partners. Michele has filed a motion for reconsideration of this court's September 10, 2009, Memorandum Opinion and Order (the "September 10 Order") denying her motion to dismiss. Michele has also filed a counterclaim for a declaratory judgment (Claim I), abuse of process (Claim II), and defamation (Claim III). Plaintiff has filed a motion to dismiss Claims II and III of the counterclaim for failure to state a claim. For the reasons stated herein, Michele's motion to reconsider is denied, and plaintiff's motion to dismiss is granted.

---

[1] Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c),(d).

**I. Michele's Motion to Reconsider**

Michele presents two grounds in support of her motion to reconsider: (1) the complaint contains intentional misrepresentations of fact upon which the court relied in issuing the September 10 Order, and (2) the Court of Appeals for the Seventh Circuit's recent decision in Carr v. Tillery, 591 F.3d 909 (7th Cir. 2010), presents new, relevant case law pertinent to the issues raised in the original motion to dismiss. Neither grounds are sufficient for reconsideration of the September 10 Order.

"This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco. Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1998). Motions for reconsideration are appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions may not be used to introduce evidence that could have been produced earlier or to reframe arguments previously presented to the court. Oto v. Metropolitan Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2002).

Michele's motion to reconsider presents her version of the facts underlying the instant dispute, including: the relationships of the relevant actors; the nature of the underlying French lawsuits, appeals, and corresponding decisions issued by the French courts; and other facts relating to the on-going family disputes surrounding the disposal of the artworks and property in question. None of these facts were recently discovered. Rather, Michele seeks to introduce facts

previously available to her and to improperly rehash her prior arguments in support of her motion to dismiss.[2]

Moreover, Michele's motion appears to challenge the well-founded principle that on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008). If Michele wishes to challenge the factual basis of plaintiff's claims, she must file the proper dispositive motion in due course or wait until trial.

Michele's motion also calls the court's attention to Carr v. Tillery, a recent decision in which the Seventh Circuit affirmed an order dismissing a plaintiff's RICO complaint based on res judicata and the Illinois "one-filing" rule. In dicta Judge Posner states that RICO should not be used to transform a state law contract claim into a federal conspiracy case. Michele argues that Judge Posner's points on this issue, (1) support her argument that plaintiff's claims are more properly made in a probate court in France, not as RICO claims in federal court, and (2) underscore her position that the complaint should be dismissed.

Not only is Carr factually distinguishable from the instant case, but the dicta Michele relies upon merely discusses RICO, rather than presents a significant or controlling change in the law that compels reconsideration of the September 10 Order. See United States v. Ligas, 549 F.3d 497, 501 (7th Cir. 2008). Accordingly, Michele's motion to reconsider is denied.

---

[2] Contrary to Michele's assertions, plaintiff's silence as to the veracity of the facts raised in the instant motion to reconsider does not mean that plaintiff has conceded that these facts are true. A motion to dismiss does not involve fact-finding.

## II. Plaintiff's Motion to Dismiss the Counterclaims

Plaintiff has moved to dismiss Claims II and III of Michele's counterclaim pursuant to Fed. R. Civ. Pro. 12(b)(6).

### A. Legal Standard

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claims rest. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-73, 167 L.Ed.2d 929 (2007).

### B. Count II: Abuse of Process

Plaintiff has moved to dismiss Michele's claim for abuse of process, arguing that she has failed to satisfy the elements of such a claim. To state a claim for abuse of process under Illinois law, a plaintiff must allege: "(1) existence of an ulterior motive or purpose; and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." Podolsky v. Alma Energy, 143 F.3d 364, 372 (7th Cir. 1998). Illinois courts have repeatedly held that:

> [The] mere institution of proceedings does not in and of itself constitute abuse of process. Some act must be alleged whereby there has been a misuse or perversion of the process of the court. It is the settled law of Illinois that mere institution of a suit or proceeding, even with a malicious intent or motive, does not itself constitute an abuse of process.

Holiday Magic, Inc. v. Scott, 4 Ill. App. 3d 962, 967 (Ill. App. Ct. 1st Dist. 1972).  Process is defined as "an means used by the court to acquire or to exercise its jurisdiction over a person or over specific property."  Id. at 968.  The second element is the gravamen of the offense, and to satisfy it, a plaintiff must allege that "the process has been used to accomplish some result which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing which he could not legally be compelled to do.  Community Nat'l Bank v. McCrery, 156 Ill. App. 3d 580, 583 (Ill. App. Ct. 3d Dist. 1987).  An action for an abuse of process will fail if the process is used only for its intended purpose.  Id.

While Michele has properly alleged an ulterior motive for plaintiff's pursuit of the instant action, the counterclaim is bereft of allegations that summons or other process of the court was used to accomplish an objective outside the legitimate scope of the judicial process.  The counterclaim alleges that plaintiff brought the instant proceedings to extort pieces of artwork belonging to Michele and to embarrass and disparage her reputation in the art world.  The filing of a complaint and the generation of bad publicity, however, does not constitute abuse of process.  Holiday Magic, 4 Ill. App. 3d at 968.   Moreover, Michele's allegations are entirely based on plaintiff's pursuit of the claims detailed in his complaint.  Michele has not alleged any facts supporting a plausible theory that the service of process on her, as distinct from the filing of the complaint, was manipulated or misapplied.  Accordingly, plaintiff's motion to dismiss Claim II of the counterclaim is granted.

## C. Claim III: Defamation

Claim III of the counterclaim alleges that under the auspices of his involvement in a pending state court case,[3] plaintiff sent letters to art dealers, collectors, and galleries around the world falsely implying that Michele had wrongfully conveyed, transferred, or sold property belonging to plaintiff.[4] Plaintiff has moved to dismiss Claim III of the counterclaim, arguing that Michele cannot satisfy the requirement that there was an unprivileged publication of the alleged defamatory statement because the statements in the letters are protected by absolute immunity. Alternatively, plaintiff argues that Claim III should be dismissed because Michele fails to allege that any untrue statements were made in the letters.

To state a claim for defamation a plaintiff must allege that: "(1) the defendant made a false statement concerning the plaintiff; (2) there was an unprivileged publication of the defamatory statement to a third party by defendant; and (3) publication of the defamatory statement damaged the plaintiff." Brennan v. Kadner, 351 Ill. App. 3d 963 (Ill. App. Ct. 3d Dist. 2004). In a defamation action privilege is one of the potential affirmative defenses available to an opposing party. "An absolute privilege provides a complete bar to a claim for defamation, regardless of the defendant's motive or the unreasonableness of his conduct." Thompson v. Frank, 313 Ill. App. 3d 661 (Ill. App. Ct. 3d Dist. 2000). One type of absolute privilege recognized by the Illinois courts is set forth in Section 587 of the Restatement (Second) of Torts (1977)("Restatement 2d") providing in pertinent part :

---

[3] Circuit Court of Cook County, Chancery Division, Michele Taburno Vasarhelyi, a/k/a Michele Taburno Vasarely v. Thomas R. Monahan et al.; Case No. 08 CH 23672.

[4] Defendant attached copies of two such letters as an exhibit to her counterclaim.

> A party to private litigation is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

Michele contends that the statements in the letters should not be privileged if they were made with wanton disregard of her rights and with the intent to harm her. This argument, for which Michele offers no supporting citations, is without merit. It is beyond dispute that the alleged defamatory statements were contained in letters soliciting information pertaining to litigation pending in the state court, in which plaintiff had moved to intervene, and the proposed litigation in the instant action. As stated plainly in § 587, the only requirement is that the defamatory communications pertain to the proposed or pending litigation. See Popp v. O'Neil, 313 Ill. App. 3d 638, 642 (Ill. App. Ct. 2d Dist. 2000). Because plaintiff was absolutely privileged to publish the statements in the letters, plaintiff's motion is granted, and Claim III of the counterclaim is dismissed.

## CONCLUSION

For the reasons discussed above, Michele's motion to reconsider is denied, and plaintiff's motion to dismiss Claims I and II of the counterclaim is granted.

**ENTER:** April 7, 2010

_____
**Robert W. Gettleman**
**United States District Judge**